UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| Shermella Douglas, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br>-v.-<br><br><br><br>Dynamic Recovery Solutions, LLC,<br><br>Defendant. | Civil Action No. 1:22-cv-20644<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shermella Douglas (hereinafter, "Plaintiff"), a Florida resident, brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC against Defendant Dynamic Recovery Solutions, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal

1

bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Florida consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Miami-Dade.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal place of business located at 135 Interstate Boulevard, Suite 6, Greenville, South Carolina and may be served with process upon C T Corporation System, its registered agent for service of process at 1201 Hays Street, Tallahassee FL 32301.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Florida;

    b. to whom Defendant, through its mail room vendor, sent a collection letter attempting to collect a consumer debt;

    c. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The Sub Class consists of:

    a. all individuals with addresses in the State of Florida;

    b. to whom Defendant sent a collection letter to;

    c. attempting to collect a consumer debt;

    d. that states a partial payment "may" re-start the statute of limitations;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officer, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1682c, l692e, and/or 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 USC §§ 1692c, l692e and/or 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to January 19, 2022 an obligation was allegedly incurred to Credit One Bank, N.A.

22. The Credit One Bank, N.A. obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

23. The alleged Credit One Bank, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Non-party LVNV Funding LLC ("LVNV") purportedly purchased the alleged debt while in default.

25. LVNV, a subsequent owner of the Credit One Bank, N.A. debt, contracted with the Defendant to collect the alleged debt. Therefore, Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – January 19, 2022 Collection Letter*

27. On or about January 19, 2022 Defendant sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to LVNV. **See Exhibit A**.

28. The letter states a balance of $871.03.

29. The letter provides the following settlement offers: one payment of $391.96, 2 monthly payments of $217.76, and 3 monthly payments of $119.77 with a final payment of $119.76.

30. The letter further states in part:

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC cannot sue you for it. If you do not pay the debt, LVNV Funding LLC may report or continue to report it to the credit reporting agencies as unpaid. Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again.

31. The letter makes a deceptive and misleading statement by stating that a partial payment may re-start the statute of limitations.

32. Under Florida law, Fla. Stat. § 95.04, the statute of limitations can only be revived by a written, signed agreement.

33. The letter misleads the consumer regarding Florida law by incorrectly stating that a partial payment "may" revive the statute of limitations when, in fact, only a written signed agreement will re-start the statute of limitations.

34. This letter does not contain any mention of a requirement for a written promise.

35. Defendant made deceptive and misleading representations when they mislead the Plaintiff by stating that a partial payment may re-start the statute of limitations.

36. As a result of these statements the Plaintiff was fearful to make any payment.

37. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

38. Defendant's deceptive, misleading, and unfair debt collection practices created a concrete harm to Plaintiff in that the threat of potential waiving of the statute of limitations created an appreciable deterrent from the opportunity to pay off a portion of the debt.

### *Violation II – Mail House Vendor*

39. Defendant chose to contact Plaintiff regarding the debt via a written correspondence in an attempt to collect the alleged debt.

40. However, rather than preparing and mailing a collection letter on its own, Defendant transmitted information regarding Plaintiff and her debt to a commercial mail house vendor.

41. Defendant disclosed the following information to its vendor:

   a. Plaintiff's status as a debtor;

   b. the exact balance of the debt;

   c. the entity to which she owed the debt;

   d. that the debt concerned Plaintiff Shermella Douglas; and

   e. other personal, private information.

42. Defendant's vendor then populated some or all of this consumer information into a pre-written template, printed it, and prepared the letter for mailing to Plaintiff's residence in Florida. *See* Exhibit A.

43. The FDCPA defines a "communication at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

44. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house vendor is therefore a communication.

45. Defendant's communication to its mail house vendor was in connection with the collection of a Credit One Bank account debt (§ 1692c(b)), as Defendant's objective was for Plaintiff to pay the alleged debt after receiving the mail house vendor's letter.

46. Plaintiff never provided consent to Defendant or any other debt collector to communicate with any third party.

47. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> Except as provided in Section 1692b of this title, <u>without the prior consent of the consumer given directly to the debt collector</u>, or the express permission of a court of competent jurisdiction, or as reasonable necessary to effectuate a post judgment judicial remedy, <u>a debt collector may not communicate</u>, in connection with the collection of any debt, <u>with any person other than the consumer</u>, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney for the creditor, or the attorney of the debt collector.

(emphasis added).

48. The mail house vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

49. Due to Defendant's communication with its mail house vendor, information about Plaintiff (including, inter alia, her name, the amount allegedly owed, the entity to which she

owed the debt, and Plaintiff's home address) was transmitted to the possession of an unauthorized third party.

50. Defendant violated the personal privacy of Plaintiff in its communication with its mail house vendor.

51. As a result of Defendant's violations of the FDCPA, Plaintiff was harmed. Plaintiff was harmed by being subjected to abusive debt collection practices, from which she had a substantive right to be free, by having her privacy invaded, and by having her private and protected information shared with unauthorized parties.

52. These violations by Defendant were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

53. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*¸ because the FDCPA prohibits debt collectors from communicating consumers' personal information to third parties "in connection with the collection of any debt." *Hunstein v. Preferred Collection & Mgmt. Servs.*, 994 F.3d 1341, 1435 (11th Cir. 2021).

54. Plaintiff's injury was concrete as it was a tangible harm. The Plaintiff was emotionally distressed due to Defendant's transmittal of Plaintiff's personal information to a third party.

55. In the alternative, Plaintiff's injury was concrete as it was a risk of real harm that Plaintiff's personal information would be viewed and disseminated by unwanted third parties.

56. In the alternative, Plaintiff's injury was concrete as the Defendant violated the FDCPA, which "prohibits a debt collector from 'communicat[ing], in connection with the

collection of any debt, with any person other than the consumer. *Id.* at 1348. In order to establish standing through such a statutory violation, "a plaintiff … need not allege any additional harm beyond the one Congress has identified." *Id.* at 1346-47 (quoting *Spokeo v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016)).

57. Therefore, this Court has Article III standing, as the FDCPA's statutory findings explicitly identify "invasions of privacy" as one of the harms against which the statute was directed. 15 U.S.C. § 1692(a). This is "sufficient." *Id.* at 1348 (holding that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III).

58. As a result of Defendant's communication with its vendor, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

59. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1-37 herein with the same force and effect as if the same were set forth at length herein.

60. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

61. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62. Defendant violated said section

    a. by creating a false and misleading representation of the status of the debt/and the effect of partial payment of the debt in violation of §1692e(10); and

    b. by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

63. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

64. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1-37 herein with the same force and effect as if the same were set forth at length herein.

65. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

66. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

67. Defendant violated this section by omitting material information that gave Plaintiff a false understanding of the proper legal status of the debt and the ramifications of specific actions.

68. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT 15 U.S.C. § 1692c *et seq.*

69. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

70. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692c.

71. Pursuant to 15 U.S.C. § 1692c(b) of the FDCPA:

> Except as provided in section 1692b of this title, <u>without the prior consent of the consumer given directly to the debt collector</u>, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, <u>a debt collector may not communicate</u>, in connection with the collection of any debt, <u>with any person other than the consumer</u>, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector

(emphasis added).

72. Defendant violated § 1692c(b) by transmitting the Plaintiff consumer's personal information to its mail house vendor.

73. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692c(b) *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

74. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shermella Douglas, individually and on behalf of all others similarly situated, demands judgment from Defendant Dynamic Recovery Solutions, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 3, 2022                         Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
*/s/ Justin Zeig*
Justin Zeig, Esq.
FL Bar No. 112306
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: 754-217-3084
Fax: 954-272-7807
justin@zeiglawfirm.com
*Attorneys for Plaintiff*